**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| KATHLEEN WOOLERY, | Civil No. 16-1745 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| LORI PETERSON, | |
| Defendant. | |

Kathleen Woolery, P.O. Box 580455, Minneapolis, MN  55458, *pro se* plaintiff.

Plaintiff Kathleen Woolery commenced this action on May 27, 2016 (Compl., May 27, 2016, Docket No. 1), and applied to proceed *in forma pauperis* ("IFP") (IFP Appl., May 27, 2016, Docket No. 2).  Woolery also moved for appointed counsel on June 1, 2016.  (Mtn to Appoint Counsel, Jun. 1, 2016, Docket No. 3.)  Woolery alleged defendant Lori Peterson committed attorney malpractice while representing Woolery in a previous lawsuit.  (Compl. at 4.)  Woolery specifically claimed Peterson failed to maintain good communication, provide requested information, inform Woolery about the chosen legal course of action, and obtain Woolery's consent to settle the lawsuit.  (*Id.*; Pl.'s Notice Att'y Malpractice & Neglect, June 16, 2016, Docket No. 5.)  Woolery also admitted both Woolery and Peterson are citizens of Minnesota.  (Compl. at 3.)

On June 16, 2016, United States Magistrate Judge Franklin Noel issued a Report and Recommendation ("R&R") finding that, although Woolery financially qualified for IFP status, Woolery failed to allege a basis for the Court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).  (R&R at 1, June 16, 2016, Docket No. 5.)  The Magistrate Judge found the only cause of action, legal malpractice, arose entirely from state law and Woolery failed to allege diversity of citizenship between the parties.  (*Id.*)  The Magistrate Judge recommended the Court dismiss the matter without prejudice for lack of subject-matter jurisdiction and deny the IFP application as moot.  (*Id.* at 2.)

Woolery filed timely objections to the R&R.  (R&R Objs., June 20, 2016, Docket No. 6.)  But Woolery's objections did not address the R&R's dismissal of claim for lack of subject-matter jurisdiction.  (*Id.* at 1-2.)  Instead, Woolery repeated the legal malpractice arguments presented to the Magistrate Judge.  (*Id.*)

In order for a federal court to hear a case, there must be subject-matter jurisdiction over a claim, otherwise, the case must be brought in state court.  When a claim is based only on state law, a federal court can assume jurisdiction only if the parties are citizens of two different states.

Because the Court finds Woolery failed to allege facts showing the Court has subject-matter jurisdiction over the case, the Court will overrule Woolery's objections, adopt the R&R, dismiss Woolery's claim without prejudice, and deny as moot Woolery's IFP application and motion for appointed counsel.

## ANALYSIS

### I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may file "specific written objections" to the "proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews *de novo* a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

Because Woolery's objections merely repeat her legal malpractice arguments presented to and considered by the Magistrate Judge, the Court reviews the R&R for clear error.

### II. SUBJECT-MATTER JURISDICTION

The Magistrate Judge did not clearly err in recommending the Court dismiss this matter without prejudice for lack of subject-matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Subject matter jurisdiction . . . is a threshold requirement

which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991).  A federal court may have subject-matter jurisdiction either because it has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 103 F. Supp. 3d 1000, 1008 (D. Minn. 2015).  Federal question jurisdiction exists either when "federal law creates the cause of action" or if "relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Laborers Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).  Diversity jurisdiction requires "complete diversity of citizenship among the litigants" and "an amount in controversy greater than $75,000." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Here, Woolery fails to articulate any grounds for federal subject-matter jurisdiction.  Woolery seeks relief based on a state-law claim for legal malpractice.  Woolery does not suggest that she seeks relief based on federal law, or that she would have grounds to do so.  Therefore, federal question jurisdiction cannot exist under 28 U.S.C. § 1331.  Furthermore, Woolery fails to allege diversity of citizenship pursuant to 28 U.S.C. § 1332, as Woolery admits that both she and Peterson are Minnesota residents.

Because Woolery's allegations show that there are no grounds for federal subject-matter jurisdiction, the Magistrate Judge did not clearly err in recommending the Court dismiss this matter without prejudice.  The Court will, therefore, dismiss this action without prejudice for lack of subject-matter jurisdiction pursuant to Fed. R. Civ.

P. 12(h)(3), and will deny as moot Woolery's application to proceed IFP and motion for appointment of counsel.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Woolery's objections [Docket No. 6] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated June 16, 2016 [Docket No. 5]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Woolery's claims are **DISMISSED without prejudice**.

2. Woolery's Application to Proceed *in forma pauperis* [Docket No. 2] is **DENIED**.

   **IT IS FURTHER HEREBY ORDERED** that:

3. Woolery's motion for appointment of counsel [3] is **DENIED**.

   **LET THE JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 22, 2016  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court